Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CRAWFORD,<br>          Plaintiff,<br>vs.<br>PRINCESS CRUISE LINES, LTD., a corporation for profit.<br>          Defendant. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DENNIS CRAWFORD, brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD., (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by Plaintiff DENNIS CRAWFORD. Plaintiff, DENNIS CRAWFORD, seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

## Jurisdiction

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendant PRINCESS, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

2

Plaintiff's Complaint and Demand for Jury Trial

e. The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. The causes of action asserted in this Complaint arise under General Maritime Law of the United States.

**The Parties**

6. Plaintiff, DENNIS CRAWFORD, was and is a resident of Nevada.

7. At all times material, PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

8. At all times material, PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world.

9. At all times material, PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world.

10. At all times material, PRINCESS operated, managed, maintained, supervised, chartered and/or controlled the large commercial vessel *Majestic Princess* ("the subject vessel").

11. At all times material, PRINCESS transported fare-paying passengers on cruises aboard the subject vessel.

3

Plaintiff's Complaint and Demand for Jury Trial

## General Allegations Common to All Counts

12. At all times material, the Plaintiff DENNIS CRAWFORD was a fare paying passenger and lawfully aboard the subject vessel.

13. On or about July 26, 2021, on the first morning of his cruise, the Plaintiff DENNIS CRAWFORD was attempting to locate the shipboard library. Plaintiff DENNIS CRAWFORD walked through an unlocked, unmarked door/passageway and unbeknownst to him had accessed a crew-only area. The subject area lacked proper warnings, signage and/or barricades, resulting in the Plaintiff DENNIS CRAWFORD falling off an elevated flooring surface/stage.

14. The hazardous and dangerous condition of the subject area was not open or obvious, nor were there any signs, warnings or precautions provided to passengers, including the Plaintiff DENNIS CRAWFORD, that the subject area was a crew-only area that was potentially hazardous and dangerous for passengers.

15. As a result of Defendant's negligence, Plaintiff DENNIS CRAWFORD suffered serious, permanent and debilitating injuries, including but not limiting to, a broken clavicle and compound fracture on his left foot.

## COUNT I
## <u>NEGLIGENCE AGAINST DEFENDANT PRINCESS</u>

Plaintiff, DENNIS CRAWFORD, hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 15, and alleges as follows:

16. At all times material, Defendant PRINCESS through its employees, servants, agents and/or representatives acting within the course and scope of their employment, owed the Plaintiff DENNIS CRAWFORD a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

17. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

18. On or about July 26, 2021, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff DENNIS CRAWFORD with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

    a. Failure to provide the Plaintiff with reasonable care under the circumstances;

    b. Failure to provide sufficient warnings, labels and directions so that passengers, including the Plaintiff, could safely navigate aboard the

vessel;

c. Failure to provide the Plaintiff with adequate and sufficient assistance;

d. Failure to adequately warn the Plaintiff the subject area was prohibited to passengers and the associated risks and/or dangers;

e. Failure to close off and/or place warning signs on and/or around the subject area;

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that signage, warnings signs and/or barricades are placed on or around hazardous and/or unreasonably dangerous areas and/or conditions so that passengers, including the Plaintiff cannot gain access to such area(s) and/or are otherwise closed off to passengers;

g. Failure to adequately set barriers to prevent passengers, including the Plaintiff, from entering the subject area;

h. Failure to adequately warn the Plaintiff of the hazardous and/or unreasonably dangerous area and the associated risks and/or dangers;

i. Failure to adequately warn the Plaintiff of falling hazard(s) on and/or around the subject area;

j. Failure to adequately warn the Plaintiff of the hazard(s) posed to him due to improper and/or inadequate maintenance and/or inspection of the subject area;

k. Failure to adequately warn passengers, including the Plaintiff, of other

fall accidents previously occurring in same manner, area and/or same flooring surface;

l. Failure to identify and correct the unreasonably dangerous and/or hazardous condition(s) of the subject area;

m. Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that passengers do not gain access to crew-only areas which are hazardous and/or unreasonably dangerous to passengers;

n. Failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers;

o. Failure to analyze prior similar incidents aboard Defendant's vessels occurring in the same manner and/or area so as to remedy such dangerous and/or hazardous conditions;

p. Failure to take reasonable safety measures and/or to have and implement adequate risk management procedures designed to prevent incidents such as the Plaintiff's; and/or

q. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

19. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

20. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct or warn the Plaintiff DENNIS CRAWFORD of the dangerous and hazardous condition which resulted in his injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff DENNIS CRAWFORD to be injured.

21. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff DENNIS CRAWFORD'S accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

22. As a result of the negligence of Defendant PRINCESS, the Plaintiff DENNIS CRAWFORD was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff DENNIS CRAWFORD'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature and Plaintiff DENNIS CRAWFORD will suffer the losses and impairments in the future. In addition, Plaintiff DENNIS CRAWFORD lost the benefit of his vacation, cruise and transportation costs.

WHEREFORE the Plaintiff DENNIS CRAWFORD demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

### **Prayer for Relief**

WHEREFORE, the Plaintiff DENNIS CRAWFORD respectfully request the Court enter judgment in his favor and against the Defendant PRINCESS as follow:

1. To enter judgment in favor of the Plaintiff DENNIS CRAWFORD against Defendant PRINCESS on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

3. To award statutory attorney's fees and costs as permitted by law;

4. For prejudgment interest according to proof; and

5. To enter such other and further relief as the Court deems just under the circumstances.

DATED:   March 31, 2022

LIPCON MARGULIES & WINKLEMAN

BY: *s/ Carol L. Finklehoffe*
    CAROL L. FINKLEHOFFE
    *Attorney for Plaintiff*

## Demand for Jury Trial

Plaintiff DENNIS CRAWFORD hereby demands a trial by jury on all claims for relief.

DATED:   March 31, 2022

                                                       LIPCON MARGULIES & WINKLEMAN

BY: *s/ Carol L. Finklehoffe*
      CAROL L. FINKLEHOFFE
      *Attorney for Plaintiff*